STATE OF NORTH CAROLINA, EX REL. EDWIN S. LANIER, COMMISSIONER OF INSURANCE v. JAMES ABNER VINES

No. 521

(Filed 27 November 1968)

**1. Insurance § 1— suit by Commissioner to recover civil penalty**

Failure to pay a civil penalty imposed by the Commissioner of Insurance under G.S. 58-44.6, assuming the penalty to be lawfully imposed, is a violation of a provision of G.S. Ch. 58 for which G.S. 58-9(5) authorizes the Commissioner to institute a civil action.

**2. Parties § 2— action created by statute designating who may sue**

Where a cause of action is created by a statute which also provides who is to bring the action, only the persons so designated may sue.

**3. Insurance § 1; Parties § 2— action in name of State on relation of party entitled to maintain the action**

Institution of an action to collect a civil penalty imposed by the Commissioner of Insurance under G.S. 58-44.6 in the name of the State on the relation of the Commissioner of Insurance does not vitiate the proceeding.

**4. Constitutional Law § 5— separation of powers in State government — federal constitution**

Assuming that G.S. 58-44.6 is an attempt to confer upon the Commissioner of Insurance legislative or judicial powers, the statute violates no prohibition of the United States Constitution, it being for the State to determine whether and to what extent its powers shall be kept separate between the executive, legislative and judicial departments of its government.

**5. Constitutional Law § 6— definition of legislative authority**

The legislative authority is the authority to make or enact laws; that is, the authority to establish rules and regulations governing the conduct of the people, their rights, duties and procedures, and to prescribe the consequences of certain activities.

**6. Constitutional Law § 10— judicial power defined**

The power to conduct a hearing, to determine what the conduct of an individual has been and, in the light of that determination, to impose upon him a penalty within the limits previously fixed by law so as to fit the penalty to the past conduct so determined and other relevant circumstances, is judicial in nature, not legislative.

**7. Constitutional Law §§ 7, 10— civil penalty by Commissioner of Insurance — judicial power**

The power purportedly granted to the Commissioner of Insurance by G.S. 58-44.6 to impose a civil penalty upon an insurance agent for violation of the State insurance laws found by the Commissioner to have been committed by the agent is judicial in nature; therefore, the statute delegates no legislative power to the Commissioner.

**8. Constitutional Law § 10— judicial powers — administrative officer**

The Legislature cannot confer upon an administrative officer judicial power except within the limits specified in N. C. Constitution, Art. IV, § 3.

**9. Constitutional Law §§ 6, 10— civil penalty for insurance law violation — legislative and judicial powers**

Provision of G.S. 58-44.6 allowing a civil penalty which may vary in amount from a nominal sum to $25,000 to be imposed upon an insurance agent for a violation of the insurance laws is an exercise of the legislative power; determination by the Commissioner of Insurance of the amount of the penalty to be inflicted in each case is an exercise of judicial power.

**10. Constitutional Law § 10; Insurance § 1; Administrative Law § 3— Commissioner of Insurance — judicial powers**

The Legislature may confer on the Commissioner of Insurance only such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the Department of Insurance was created. N. C. Constitution Art. IV, §§ 1, 3.

**11. Constitutional Law § 10; Insurance § 2— revocation of insurance agent's license — judicial power**

The grant of judicial power to the Commissioner of Insurance to revoke the license of an insurance agent is reasonably necessary to the effective policing of the activities of such agents so as to protect the public from fraud and imposition, one of the purposes for which the Department of Insurance was established; the power to hold hearings and determine facts relating to the conduct of such agent is reasonably necessary to the effective and just exercise of the power to grant and revoke such license.

**12. Constitutional Law § 10; Administrative Law § 3— administrative agency — judicial powers**

Whether a judicial power is reasonably necessary as an incident to the

accomplishment of a purpose for which an administrative office or agency was created must be determined in each instance in the light of the purpose for which the agency was established and in the light of the nature and extent of the judicial power undertaken to be conferred.

**13. Constitutional Law § 10;    Insurance § 2—    G.S. 58-44.6 unconstitutional**

    The attempted grant to the Commissioner of Insurance of judicial power to impose upon an insurance agent for a violation of the insurance laws a penalty, varying in the Commissioner's discretion from a nominal sum to $25,000, violates N. C. Constitution Art. IV, § 3, there being no reasonable necessity for conferring such judicial power upon the Commissioner.

ON certiorari to the Court of Appeals.

The State on the relation of the Commissioner of Insurance brought this civil action in the Superior Court of Wake County to recover $3,000, the amount of a civil penalty imposed by the Commissioner of Insurance upon the defendant for violations of the insurance laws of the State, found by the Commissioner to have been committed by the defendant. From a judgment in favor of the plaintiff the defendant appealed to the Court of Appeals, which affirmed the judgment of the superior court. 1 N.C. App. 208. The defendant petitioned the Supreme Court for certiorari to review the decision of the Court of Appeals, asserting in the petition that G.S. 58-44.6, under which the Commissioner imposed the penalty, violates the Constitution of North Carolina in that:

    (1)    It violates the constitutional requirement of a separation of the executive, judicial and legislative powers of the government of the State;

    (2)    It confers upon the Commissioner of Insurance a discretion, subject to no guiding rules or standards, to impose a civil penalty not in excess of $25,000.

The material allegations of the complaint filed in the superior court are, in substance:

    Prior to 16 January 1967, the defendant was duly licensed by the State as an insurance agent and broker. On that date the Commissioner caused to be served upon the defendant notice of certain charges of violations by him of the insurance laws of the State and of a hearing to be held on 26 January by the Commissioner to determine whether the defendant's licenses should be revoked permanently and a civil penalty imposed on account of such alleged violations.

In accordance with such notice, a hearing was held by the Commissioner at which the defendant was represented by counsel, and at which evidence was introduced both by the Department of Insurance and by the defendant. On 6 April 1967, the Commissioner rendered his decision and issued his order, which is attached to and made part of the complaint.

The order contained detailed findings of fact setting forth numerous violations by the defendant of the insurance laws of the State. The order also contained conclusions by the Commissioner, upon such findings of fact, that the defendant had wilfully violated G.S. 58-47, had dealt unjustly with and wilfully deceived persons in regard to insurance policies, had wilfully procured insurance in "an unauthorized foreign or alien company," had neglected to make and file documents required by G.S. 58-53.1, and had failed to comply with certain requirements of chapter 58 of the General Statutes, "by virtue of which the licenses of James Abner Vines are subject to suspension or revocation."

Upon such findings of fact and conclusions, the Commissioner ordered that all licenses theretofore issued to the defendant to act as an insurance agent and broker be permanently revoked, and that the defendant "pay to the State of North Carolina a civil penalty in the amount of $3,000."

The Commissioner is entitled, after notice and hearing, to impose a civil penalty not to exceed $25,000, from which imposition the aggrieved party may appeal to the Superior Court of Wake County. The defendant has not so appealed from the order of the Commissioner and the time for taking the appeal has expired, so that the order has become final. The Commissioner has made demand upon the defendant for payment of the penalty so imposed upon him but the defendant has failed and refused to pay it.

The defendant filed answer admitting the foregoing allegations of the complaint, except that the authority of the Commissioner to levy a civil penalty was denied for the reason that G.S. 58-44.6 is in violation of the Constitution of the United States and of the Constitution of North Carolina. The answer does not specify by article and section the provision of either constitution relied upon by the defendant, but alleges that this statute purports to confer upon the Commissioner "the unbridled discretionary right to inflict civil penalties up to the sum of $25,000," is discriminatory and is an unlawful delegation of legislative and judicial powers, in violation of both

the Constitution of the United States and of the Constitution of North Carolina. The answer further alleges that the State, upon the relation of the Commissioner of Insurance, is not the real party in interest and so cannot maintain this action.

Upon the call of the case for trial in the superior court, the defendant demurred ore tenus upon the ground that the complaint does not state facts sufficient to constitute a cause of action for that G.S. 58-44.6 "contravenes both the Constitution of the State of North Carolina and the Constitution of the United States." In the demurrer, as in the answer, the defendant did not cite, by article and section, the provision of either constitution relied upon by him. The demurrer was overruled.

The evidence for the plaintiff consisted of the notice of hearing, the statement of charges and the order of the Commissioner, including his findings of fact and conclusions thereon. It was stipulated that the notice and statement of charges were duly and properly served upon the defendant.

No finding of fact or conclusion by the Commissioner is controverted in this action and the validity of so much of the order as revokes permanently the licenses theretofore issued to the defendant is not challenged, the only contentions being that the Commissioner had no authority to impose the civil penalty and that the plaintiff is not the real party in interest, for which reasons the defendant contends this action to collect the penalty so imposed cannot be maintained.

At the conclusion of the evidence for the plaintiff, the defendant moved for a judgment of nonsuit on the ground that the action was not instituted by the real party in interest as required by G.S. 1-57. This motion was denied.

The superior Court made its own findings of fact, in summary as follows:

(1)   The penalty was imposed by the Commissioner pursuant to G.S. 58-44.6 after notice and hearing.

(2)   The Commissioner issued an order and decision finding, among other things, that the defendant, a licensed insurance agent, had violated various sections of chapter 58 of the General Statutes, had unlawfully negotiated for and collected premiums for insurance policies issued by companies not licensed to do business in North Carolina, and had dealt unlawfully with and had deceived persons in regard to insurance policies; the Commissioner permanently revoked the licenses of the defendant and

imposed a civil penalty in the amount of $3,000, to be "finally discharged and satisfied upon payment to the Treasurer of the State of North Carolina";

(3)   The defendant did not appeal from the order and decision of the Commissioner and it became final;

(4)   After demand upon the defendant for payment, the Commissioner filed this action in the superior court to compel the defendant to pay the penalty; the defendant answered the complaint, alleging that G.S. 58-44.6 is unconstitutional in that it is an unlawful delegation of legislative and judicial powers to the Insurance Commissioner, and the defendant also contended in oral argument that the Commissioner is not the real party in interest to bring this action.

Upon these findings of fact, the superior court concluded that the statute is not unconstitutional, does not violate Art. I, § 8, of the Constitution of North Carolina and does not constitute an unlawful delegation of legislative authority or of judicial powers; the statute contains adequate safeguards for due process of law and for the imposition of a civil penalty; this action is properly brought by and in the name of the Commissioner of Insurance by the State.

The superior court accordingly ordered and adjudged that the defendant pay to the Treasurer of the State $3,000 and pay the costs of the action.

In his appeal to the Court of Appeals, the defendant assigned as error the overruling of his demurrer ore tenus, the denial of his motion for judgment of nonsuit and the signing of the judgment. The Court of Appeals found no error in any of these respects.

*Attorney General Bruton and Assistant Attorney General Harrell for the State.*

*Nance, Collier, Singleton, Kirkman & Herndon for defendant.*

LAKE, J.

The questions before us are:

(1)   Assuming the penalty to have been lawfully imposed, may an action to collect it be brought in the name of the State on the relation of the Commissioner of Insurance?

(2)   Did the Commissioner of Insurance have authority to impose a civil penalty of $3,000 upon the defendant?

After revoking permanently the licenses which had been issued to the defendant, the order of the Commissioner of Insurance states:

"It is further ordered that * * * James Abner Vines shall pay to the State of North Carolina a civil penalty in the amount of $3,000. Upon the payment of the amount of such civil penalty to the Treasurer of the State of North Carolina, the civil penalty imposed hereunder shall be forever satisfied and discharged."

The prayer of the complaint is for "a judgment ordering defendant to pay the civil penalty as imposed, with interest."

The caption of the complaint designates the plaintiff as "State of North Carolina, Ex Rel. Edwin S. Lanier, Commissioner of Insurance." The body of the complaint states, "The plaintiff is the duly appointed, qualified and acting Commissioner of Insurance of the State of North Carolina." It is verified by the Commissioner.

[1] G.S. 58-9(5) provides that the Commissioner of Insurance "shall have power to institute civil actions * * * for any violation of the provisions of this chapter." G.S. 58-44.6, under which the penalty was imposed and which is set forth in full below, provides that if a penalty imposed thereunder is not paid within ten days from the date of the order imposing it, the Commissioner of Insurance may revoke the license of the person so penalized. Clearly, the failure to pay the penalty, assuming the penalty to be lawfully imposed, is a violation of a provision of chapter 58 of the General Statutes for which G.S. 58-9(5) authorizes the Commissioner to institute a civil action.

[2, 3] 67 C.J.S., Parties, § 12, states, "Where a cause of action is created by statute and the statute also provides who is to bring the action, the person or persons so designated, and, ordinarily, only such persons, may sue." See also, *Hunt v. State*, 201 N.C. 37, 158 S.E. 703; McIntosh, North Carolina Practice and Procedure, 2d Ed, § 607. The institution of an action in the name of the State upon the relation of the party entitled to maintain the action does not vitiate the proceeding. *Warrenton v. Arrington*, 101 N.C. 109, 7 S.E. 652. We hold, therefore, that if the penalty sued for was lawfully imposed, this action to collect it was lawfully instituted.

We are, therefore, brought to the question of the authority of the Commissioner of Insurance to impose the penalty upon the defendant.

G.S. 58-44.6, which is the source, if any, of the authority of the

Commissioner of Insurance to impose the penalty in question, provides:

"Whenever any person, agent, adjuster, firm, corporation or company, subject to the provisions of chapter 57 of the General Statutes, as amended, and the provisions of chapter 58 of the General Statutes, as amended, shall do or commit any act or shall fail to comply with any requirements prohibited or required by said chapters, by virtue of which any license is subject to suspension or revocation, the Commissioner of Insurance, in addition to or in lieu of any other official action that may be taken by him, may, in his discretion, inflict a civil penalty in an amount to be fixed by said Commissioner of Insurance not in excess of twenty-five thousand dollars ($25,000.00), and if said penalty is not paid within ten (10) days from the date of the finding and order inflicting said penalty, then said Commissioner of Insurance may revoke any license of such person, agent, adjuster, firm, corporation or company subject to the provisions of said chapters. The Commissioner of Insurance before imposing any penalty or revoking any license shall conduct a hearing and shall make all necessary findings of fact in regard to the matter under inquiry. In giving notices, conducting hearings and producing evidence, as well as examining records, the Commissioner of Insurance shall have all the power and authority and shall follow the procedures conferred and given in G.S. 58-54.6. Any person, agent, adjuster, firm, corporation or company subject to said chapters, whose rights are affected by the findings and order of the Commissioner of Insurance, shall have the right to appeal to the Superior Court of Wake County, and upon such appeal the record shall be certified to the Superior Court of Wake County, and the procedure and authority contained in § 58-9.3 shall be followed and shall govern. The commencement of proceedings, as herein authorized, shall not operate as a stay of the Commissioner's order or decision, unless so ordered by the court."

For the purposes of this review, the findings of fact by the Commissioner of Insurance are not attacked by the defendant. Therefore, it must be deemed that the defendant wilfully violated, in each of the respects detailed in the Commissioner's findings of fact, the provisions of G.S. 58-47, 58-53.1 and 58-53.2, and has dealt unjustly with and wilfully deceived persons in regard to insurance policies.

G.S. 58-42 provides: "When the Commissioner is satisfied that any insurance agent * * * [or] broker * * * licensed by this State has willfully violated any of the insurance laws of this State

* * * or has dealt unjustly with or willfully deceived any person in regard to any insurance policies * * * the Commissioner may immediately suspend his license or licenses and shall forthwith give to such licensee ten days' notice of the charge or charges and of a hearing thereon, and if the Commissioner finds there has been any of the violations hereinbefore set forth, he shall * * * revoke the license of such agent * * * [or] broker * * *." Therefore, the Commissioner had the authority to impose the penalty here in question unless G.S. 58-44.6 is in excess of the authority of the General Assembly under the Constitution of this State, or is a violation of the Constitution of the United States, as the defendant contends.

[4]    We find no merit in the defendant's contention, asserted both in the answer and in the demurrer ore tenus, that some undesignated provision of the United States Constitution is violated by G.S. 58-44.6 in that the statute is an attempt to confer upon the Commissioner legislative or judicial powers. Assuming that the statute does either of these things, it violates no prohibition of the United States Constitution. It is for the State to determine whether and to what extent its powers shall be kept separate between the executive, legislative and judicial departments of its government. *Neblett v. Carpenter,* 305 U.S. 297, 59 S. Ct. 170, 83 L. Ed. 182; *Highland Farms Dairy v. Agnew,* 300 U.S. 608, 57 S. Ct. 549, 81 L. Ed. 835; *Dreyer v. Ill.,* 187 U.S. 71, 23 S. Ct. 28, 47 L. Ed. 79.

We turn, therefore, to the Constitution of North Carolina. Art. I, § 8, provides, "The legislative, executive, and supreme judicial powers of the government ought to be forever separate and distinct from each other." Art. II, § 1, provides, "The legislative authority shall be vested in two distinct branches, both dependent on the people, to wit: a Senate and a House of Representatives." Art. IV, § 1, provides, "The judicial power of the State shall, except as provided in § 3 of this article, be vested in a court for the trial of impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of government, nor shall it establish or authorize any courts other than as permitted by this article." Art. IV, § 3, provides, "The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice." Art. III, § 1, provides that the Commissioner of Insurance is a member of the executive department.

**[5-7]** The legislative authority is the authority to make or enact laws; that is, the authority to establish rules and regulations governing the conduct of the people, their rights, duties and procedures, and to prescribe the consequences of certain activities. Usually, it operates prospectively. The power to conduct a hearing, to determine what the conduct of an individual has been and, in the light of that determination, to impose upon him a penalty, within limits previously fixed by law, so as to fit the penalty to the past conduct so determined and other relevant circumstances, is judicial in nature, not legislative. This is the power which G.S. 58-44.6 purports to confer upon the Commissioner of Insurance, a member of the executive department of the State government. There is, therefore, in this statute no delegation of the legislative power to the Commissioner.

Strictly speaking, there is no delegation of the judicial power to the Commissioner by this statute. One delegates his own authorities or powers, not those of another. A branch of the government, like an individual, may not delegate powers it does not have. The Legislature has, however, by this statute, undertaken to confer upon the Commissioner of Insurance a part of the judicial power of the State. We must, therefore, determine its authority to do so in the light of the foregoing provisions of the Constitution of North Carolina.

In *Cox v. Kinston,* 217 N.C. 391, 8 S.E. 2d 252, Seawell, J., speaking for the Court, said:

> "As to the judicial function, the Legislature itself has none, and, therefore, the use of the word 'delegation' is not apt as regarding the power of the Legislature to confer judicial powers. The Legislature has always, without serious question, given *quasi*-judicial powers to administrative bodies in aid of the duties assigned to them, without necessarily making them courts. Such powers are given to the Utilities Commission, the Industrial Commission, the Commissioner of Revenue, the State Board of Assessment, and, in lesser degree, to many other State agencies which we might add to the list. The performance of *quasi*-judicial and administrational duties by the same board violates no implication of the cited section of the Constitution [Art. I, § 8], requiring that the supreme judicial power be kept separate from the legislative and executive. Certainly the limited discretion given to these bodies is no part of the 'supreme judicial power' of the State."

Since *Cox v. Kinston, supra,* was decided, Article IV of the Constitution has been rewritten. This Article, unlike Article I, Section 8, refers not to the *"supreme* judicial power" but to the "judicial

power" and provides that all of that power shall be vested in a court for the trial of impeachments and in the General Court of Justice, *"except as provided in Section 3 of this article."* (Emphasis added.) *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791.

[8]    Decisions of this and other courts to the effect that the Legislature may delegate to administrative officers and agencies its own power to prescribe detailed administrative rules and regulations, so long as the Legislature, itself, prescribes the broad principles and standards within which such administrative authority is to be confined (See *State v. Harris,* 216 N.C. 746, 6 S.E. 2d 854, 128 A.L.R. 658), are not applicable to the present case. There, the question is whether the Legislature has sufficiently limited its own delegatee and thus has, itself, exercised the law-making power. Here, we are concerned with the extent to which the Legislature has undertaken to confer upon an administrative officer a power which the Legislature, itself, never had. Thus, we are not here concerned with whether the Legislature has or has not prescribed standards to guide and confine the administrative officer in his exercise of the power conferred. With or without standards to guide the administrative discretion, the Legislature cannot confer upon an administrative officer judicial power, except within the limits specified in Art. IV, § 3, of the Constitution.

[9]    In G.S. 58-44.6 the Legislature has provided that when an insurance agent commits certain acts, or fails to do certain acts, such agent may, after a hearing, have inflicted upon him a civil penalty in an amount which may vary from a nominal sum to $25,000 for each such act or omission. Thus far, the statute is an exercise of the legislative power. As such, we need not concern ourselves here with whether the maximum authorized penalty is excessive with reference to some of the offenses to which it is applicable. Obviously, however, someone must determine the amount of the penalty to be inflicted in each case. This application of the law, which has been enacted by the Legislature, to the facts found in a specific case, so as to make the penalty commensurate with the conduct of the agent in question, is of the essence of judicial power. 1 Am. Jur., 2d, Administrative Law, § 173.

[10]    The Legislature in G.S. 58-44.6 has undertaken to vest this judicial power in an administrative officer. Under Art. IV, §§ 1 and 3, of the North Carolina Constitution, as amended by the vote of the people at the general election in November 1962, the Legislature may do this, if, but only if, conferring this segment of the judicial power of the State upon the Commissioner of Insurance is "rea-

sonably necessary as an incident to the accomplishment of the purposes for which" the Department of Insurance was created.

**[11]** The power to revoke a license granted to an insurance agent by the Commissioner, pursuant to chapter 58 of the General Statutes, is "reasonably necessary" to the effective policing of the activities of such agents so as to protect the public from fraud and imposition, one of the purposes for which the Department of Insurance was established. The power to hold hearings and determine facts relating to the conduct of such agent is "reasonably necessary" to the effective and just exercise of the power to grant and revoke such license. The grant of such judicial power to the Commissioner for that purpose is clearly within the authority conferred upon the Legislature by Art. IV, § 3, of the Constitution.

We find, however, no reasonable necessity for conferring upon the Commissioner the judicial power to impose upon an agent a monetary penalty, varying, in the Commissioner's discretion, from a nominal sum to $25,000 for each violation.

**[12, 13]** Whether a judicial power is "reasonably necessary as an incident to the accomplishment of a purpose for which" an administrative office or agency was created must be determined in each instance in the light of the purpose for which the agency was established and in the light of the nature and extent of the judicial power undertaken to be conferred. We have before us only the attempted grant to the Commissioner of Insurance of the judicial power to impose upon an insurance agent, for one or more of the violations of law specified in G.S. 58-44.6, a penalty, varying in the Commissioner's discretion from a nominal sum to $25,000. We hold such power cannot be granted to him under Art. IV, § 3, of the Constitution of North Carolina.

It follows that the penalty for which the plaintiff here sues was not lawfully asserted and is not due from and owing by the defendant.

The judgment of the Court of Appeals is, therefore, reversed and this cause is remanded to the Court of Appeals for the entry of a judgment by it in accordance with this opinion.

Reversed and remanded.