CHARLOTTE LIBERTY MUTUAL INSURANCE COMPANY v. STATE OF NORTH CAROLINA EX REL. EDWIN S. LANIER, COMMISSIONER OF INSURANCE

No. 7210SC598

(Filed 25 October 1972)

1. Insurance § 1— judicial powers of Insurance Commissioner

The General Assembly is empowered to confer on the Commissioner of Insurance only those judicial powers reasonably necessary as an incident to the accomplishment of the purposes for which the Department of Insurance was created.

2. Administrative Law § 3— powers of administrative agency

An administrative agency must find within the statutes justification for any authority which it purports to exercise.

3. Insurance § 1— powers of Insurance Commissioner — enjoining lease agreement by insurance company

The Commissioner of Insurance had no authority to enjoin an insurance company from entering into an agreement to lease property owned by the company's president and treasurer.

APPEAL by petitioner, Charlotte Liberty Mutual Insurance Company (insurance company), from *Braswell, Judge,* 13 March 1972 session of Superior Court held in WAKE County.

This is an appeal from a judgment of the Superior Court affirming an order of Edwin S. Lanier, North Carolina Commissioner of Insurance (Commissioner) written in the form of a letter dated 26 January 1972 as follows:

Mr. George H. Talbot, President
Charlotte Liberty Mutual Insurance Company
125 East Fourth Street
Charlotte, North Carolina 28202

Re: Proposed Lease of real property owned by George H. Talbot, President & Treasurer of Charlotte Liberty Mutual Insurance Company to and for the use by the aforesaid insurance company as home office property

Dear Mr. Talbot:

At a conference held in my office on December 23, 1971, you and Mr. Thomas R. Eller, Jr., Counsel for Charlotte Liberty Mutual Insurance Company advised me of a proposed lease arrangement whereby the Charlotte Liberty Mutual Insurance Company would lease certain real property located at the corner of South Tryon and Stonewall Street, Charlotte, North Carolina, from you while you serve in the capacity of President and Treasurer of the Insurance Company. All the circumstances surrounding the proposed lease arrangement by the Insurance Company were fully presented. I carefully considered all the facts and arguments of counsel with respect to this matter and I advised you at the conference that under the circumstances outlined such an acquisition by the Charlotte Liberty Mutual Insurance Company would be, in my opinion, a violation of the provisions of GS 58-79(b)(3).

It has now come to my attention that a policyholder's meeting was held in January, 1972, at which time certain policyholders of Charlotte Liberty Mutual Insurance Company acted in furtherance of consummating the proposed lease transaction which I advised you, in my opinion, was contrary to the Laws of this State.

Therefore, in accordance with the powers vested in my [sic] by the General Statutes of North Carolina, I hereby Order Charlotte Liberty Mutual Insurance Company not to acquire any interest in the aforesaid property under any circumstances in which an officer or director of the company receives either directly or indirectly money or other consideration from the aforesaid insurance company.

Issued under my hand and the Seal of this Department, this the 26th day of January, 1972.

EDWIN S. LANIER
Commissioner of Insurance

cc: Mr. Thomas R. Eller, Jr.
Counsel for Charlotte Liberty Mutual
Insurance Company

*Attorney General Robert Morgan and Associate Attorney General Benjamin H. Baxter, Jr., for respondent appellee (North Carolina Commissioner of Insurance).*

*Cansler, Lockhart & Eller, P.A., by Thomas R. Eller, Jr., and Richard D. Stephens for petitioner appellant.*

HEDRICK, Judge.

We express no opinion as to whether the proposed lease between the insurance company and George H. Talbot, President and Treasurer of the company, would be in violation of the provisions of G.S. 58-79 (b) (3).

[1]  Article IV of the North Carolina Constitution provides:

Section 1. *Judicial power.* The judicial power of the State shall, except as provided in Section 3 of this Article, be vested in a Court for the Trial of Impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction that rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article.

. . . .

Sec. 3. *Judicial powers of administrative agencies.* The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice.

The General Assembly is empowered to confer on the Commissioner of Insurance only those judicial powers reasonably neces-

sary as an incident to the accomplishment of the purposes for which the Department of Insurance was created. *State ex rel. Lanier v. Vines*, 274 N.C. 486, 164 S.E. 2d 161 (1968).

[2] Express powers delegated by statute and implied powers reasonably necessary for its proper functioning are the only powers which an administrative agency possesses. In *Great American Insurance Company v. Gold*, 254 N.C. 168, 173, 118 S.E. 2d 792, 796 (1961) it is stated, "Administrative boards have only such authority as is properly conferred upon them by the Legislature." Thus, it is clear that administrative agencies must find within the statutes justification for any authority which they purport to exercise. In 2 Am. Jur. 2d *Administrative Law* § 463 (1962) it is stated:

> "What orders and decisions an administrative agency may make is dependent upon its statutory purposes and powers and the validity of the acts conferring such powers. An order cannot be made without power or authority, or for an unauthorized purpose, and if made without authority it may be regarded as a nullity."

The Commissioner of Insurance of North Carolina is charged with the duty under G.S. 58-9 with administering the laws of the State with regard to the insurance industry. Specific powers and duties are statutorily conferred upon the Commissioner to aid him in the administration of the insurance laws. G.S. 58-38 provides:

> "If, upon examination, the Commissioner of Insurance is of the opinion that any domestic insurance company is insolvent, or has exceeded its powers, or failed to comply with any provision of law, or that its condition is such as to render its further proceeding hazardous to the public or to its policyholders, he shall revoke its license, and, if he deems it necessary, shall apply to a judge of the superior court to issue an injunction restraining it in whole or in part from further proceeding with its business. The judge may issue the injunction forthwith, or upon notice and hearing thereon, and after a full hearing of the matter may dissolve or modify the injunction or make it permanent, and may make all orders and judgments needful in the matter, and may appoint agents or a receiver to take possession of the property and effects of the company

and to settle its affairs, subject to such rules and orders as the court from time to time prescribes."

[3] The "letter order" dated 26 January 1972, merely reflecting the opinion of the Commissioner that the contemplated lease would be in violation of the provisions of G.S. 58-79 (b) (3), purports to enjoin the insurance company from entering into the lease. Clearly the statutes creating the Department of Insurance and prescribing the powers and duties of the Commissioner, do not purport to grant him the power of issuing restraining orders and injunctions. In administering the laws relative to the insurance industry, the Commissioner, if he deems it necessary, may apply to the courts for restraining orders and injunctions under the provisions of G.S. 58-38. Obviously, the Commissioner having consulted with the company regarding the contemplated lease, had a right to form and express an opinion as to whether the lease was in violation of the statute; however, we think it is equally clear that the Commissioner exceeded his statutory authority when he undertook to enjoin the company from entering into the lease. It is fundamental that, "An administrative agency does not have the inherent powers of a court, particularly of a court of equity." 1 Am. Jur. 2d *Administrative Law* § 184 (1962).

For the reasons herein stated, the order of 26 January 1972, attempting to enjoin the insurance company from entering into the lease described in the Commissioner's letter to the insurance company, is hereby declared to be null and void and of no effect.

The judgment of the Superior Court is reversed and the order of the Commissioner of 26 January 1972 is vacated.

Reversed and vacated.

Judges VAUGHN and GRAHAM concur.