YOUNG'S SHEET METAL AND ROOFING, INC. v. R. W. WILKINS, JR., COMMISSIONER OF MOTOR VEHICLES

No. 8528SC20

(Filed 1 October 1985)

**Constitutional Law § 10.3— motor vehicles—fine for exceeding licensed weight—unconstitutional**

The assessment of a fine against plaintiff for operating a vehicle on the highway in excess of its licensed weight violated Art. IV, § 1 of the Constitution of North Carolina where the statutory scheme set forth in G.S. 20-96 and G.S. 20-118 did not provide a penalty for violating the licensed weight limit, leaving that determination in the absolute discretion of the agency. There was no reasonable necessity for giving DMV absolute discretion.

APPEAL by defendant from *Allen (Walter C.), Judge.* Judgment entered 13 November 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 26 August 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General William B. Ray for defendant appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis by Allan R. Tarleton for plaintiff appellee.*

COZORT, Judge.

The plaintiff instituted this action to recover a penalty of $800.00 which had been assessed against it for operating a vehicle on the highway with a gross weight exceeding the weight for which it was licensed. The statutory scheme set forth in G.S. 20-96 and G.S. 20-118 for assessing and collecting penalties for overweight vehicles did not provide for a penalty to be assessed for a vehicle exceeding its license weight limit. The court granted plaintiff's motion for summary judgment and ordered defendant to repay plaintiff $800.00. Defendant appeals. We affirm.

The facts of this case are undisputed. On 7 June 1984 an officer with the License, Theft and Weight Enforcement Section of the Division of Motor Vehicles (an agency of the North Carolina Department of Transportation) issued a citation to plaintiff for operating a vehicle on the highways with a gross weight in excess of that allowed under plaintiff's license. The gross weight of the vehicle was 31,900 pounds, while the license for the vehicle permitted a total gross weight of only 20,500 pounds. Under state law, the axle weight limit for this vehicle is 78,000 pounds. Thus, while the vehicle exceeded the weight permitted under its license, it was well under the maximum axle weight limits. The Division of Motor Vehicles (DMV) assessed plaintiff a penalty of $800.00, which plaintiff paid under protest. Plaintiff demanded in writing a refund of the $800.00; the demand was refused by DMV. Plaintiff then instituted this action against the Commissioner of DMV to recover the $800.00 penalty, alleging that plaintiff was "entitled to the refund of its payment for the reason that there is no statute delineating what penalty shall be assessed against an owner whose vehicle shall be found in operation on the highway over the weight for which such vehicle is licensed." After the defendant Commissioner filed an answer denying plaintiff's claim,

plaintiff moved for summary judgment. The trial court granted plaintiff's motion for summary judgment, ordering defendant to refund the $800.00, with interest.

G.S. 20-96 requires every owner of a motor vehicle to procure a license in advance to cover the empty weight and maximum load which may be carried. According to the statute in effect in June 1984, any owner failing to do so, and whose vehicle is found over the weight for which it is licensed, "shall pay the penalties prescribed in G.S. 20-118." G.S. 20-118 specifies the maximum weight limits for axles, and prescribes the penalties for exceeding the axle weight limits. There was no penalty provided in G.S. 20-118 for operating a motor vehicle which does not exceed the axle weight limits, but exceeds the license weight.

The question before us is whether DMV could constitutionally fine plaintiff for exceeding the license weight when the statutes did not provide for a specific penalty for that violation.

Article IV, section 1 of the North Carolina Constitution provides: "The judicial power of the State shall, except as provided in Section 3 of this Article, be vested in a Court for the Trial of Impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction that rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article." Article IV, section 3 provides: "The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice." Administrative agencies must find justification for any authority which they purport to exercise within the General Statutes. *Insurance Co. v. Lanier, Comr. of Insurance*, 16 N.C. App. 381, 192 S.E. 2d 57 (1972).

The concept of delegation of power was explained by our Supreme Court in *Lanier, Comr. of Insurance v. Vines*, 274 N.C. 486, 164 S.E. 2d 161 (1968). In *Vines* the Commissioner of Insurance had fined defendant insurance agent $3,000.00 for violation of insurance laws. The statute under which the penalty was imposed provided that the Commissioner could impose a penalty

not to exceed $25,000.00 for violations of the insurance re-
quirements and regulations in Chapters 57 and 58 of the General
Statutes. Speaking for the Court, Justice Lake discussed the
separation of powers in the North Carolina Constitution and ex-
plained:

> The legislative authority is the authority to make or
> enact laws; that is, the authority to establish rules and
> regulations governing the conduct of the people, their rights,
> duties and procedures, and to prescribe the consequences of
> certain activities. Usually, it operates prospectively. The
> power to conduct a hearing, to determine what the conduct of
> an individual has been and, in the light of that determination,
> to impose upon him a penalty, within limits previously fixed
> by law, so as to fit the penalty to the past conduct so deter-
> mined and other relevant circumstances, is judicial in nature,
> not legislative. This is the power which G.S. 58-44.6 purports
> to confer upon the Commissioner of Insurance, a member of
> the executive department of the State government. There is,
> therefore, in this statute no delegation of the legislative
> power to the Commissioner.

*Id.* at 495, 164 S.E. 2d at 166. The Court concluded that the deter-
mination of the amount of the penalty to be imposed, *i.e.*, the ap-
plication of the law so as to make the penalty commensurate with
the conduct of the insurance agent, is an exercise of judicial
power. Under Article IV, section 3 of the North Carolina Con-
stitution, the Legislature may vest judicial power in the Commis-
sioner, but only if it is reasonably necessary. The Court held that
it was reasonably necessary to grant the Commissioner the power
to revoke a license, hold hearings, and find facts relating to the
agent's conduct, but that there was no reasonable necessity for
conferring upon the Commissioner the judicial power to impose a
penalty which would vary in the Commissioner's discretion.

In the instant case, DMV was given even more discretion
than that struck down by our Supreme Court in *Vines*. The
statutes made no provisions for the penalties to be assessed for
violating the licensed weight limit, leaving that determination in
the absolute discretion of the agency. We hold there was no
reasonable necessity for conferring absolute discretion in the
DMV. Thus, the assessment of the penalty against plaintiff

violated Article IV, section 1 of the Constitution of North Carolina.

We take judicial notice of the fact that G.S. 20-96 was amended during the 1985 Session of the General Assembly (1985 N.C. Sess. Laws Ch. 116) to provide that violators of G.S. 20-96 would be subject to the specific penalties provided in G.S. 20-118(e)(3), 20-118(e)(1), and 20-118.3.

Summary judgment for plaintiff is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.