NORTH CAROLINA REINSURANCE FACILITY, PETITIONER v. JAMES E. LONG, COMMISSIONER OF INSURANCE OF THE STATE OF NORTH CAROLINA, AND UNIVERSAL INSURANCE COMPANY, RESPONDENT

UNIVERSAL INSURANCE CO., PETITIONER v. JAMES E. LONG, COMMISSIONER OF INSURANCE OF THE STATE OF NORTH CAROLINA, AND THE NORTH CAROLINA REINSURANCE FACILITY, RESPONDENTS

No. 8910SC509

(Filed 3 April 1990)

1. **Administrative Law § 5 (NCI3d) — Reinsurance Facility — appeal from superior court order overturning Commissioner of Insurance**

   In an appeal from a superior court ruling overturning an order of the Insurance Commissioner involving the North Carolina Reinsurance Facility, it was held that the controlling judicial review statute was N.C.G.S. § 150B-51; the review standards articulated in both N.C.G.S. § 150B-51 and N.C.G.S. § 58-2-75 were applied to the extent that N.C.G.S. § 58-2-75 adds to and is consistent with the judicial function of N.C.G.S. § 150B-51.

   **Am Jur 2d, Administrative Law §§ 610 et seq.**

2. **Insurance § 1 (NCI3d) — Reinsurance Facility — ceding expense allowance — retroactive change — not allowed**

   There was substantial evidence to support a trial court order vacating the Commissioner of Insurance's decision to increase Universal's ceding expense allowance where Universal contended that it had made an honest mistake when choosing the allocation method for calculating the ceding expense allowance and did not contend that the calculations were incor-

rect or that the data which it reported to the Facility were incorrect. The hearing officer for the Insurance Commission set out his own decision with respect to the treatment which should be afforded Universal on its ceding expense allowance, and the powers given to the Commissioner by N.C.G.S. § 58-37-40 do not permit the Commissioner to make findings of fact which are not supported by material and substantial evidence.

**Am Jur 2d, Insurance §§ 19, 1835, 1841.**

3. **Appeal and Error § 3 (NCI3d)— Reinsurance Facility — retroactive change in expense ceding — constitutional issue — not considered**

Universal's constitutional contention that the board of the Reinsurance Facility lacked statutory authority and jurisdiction to exercise adjudicatory powers was not addressed where Universal failed to comply with Rule 10 of the N. C. Rules of Civil Procedure.

**Am Jur 2d, Insurance §§ 19, 1835, 1841.**

APPEAL by respondent from order entered 5 December 1988 by *Judge B. Craig Ellis* in WAKE County Superior Court. Heard in the Court of Appeals 8 November 1989.

Respondent Universal Insurance Company appeals from an order vacating the decision of the Commissioner of Insurance to increase Universal's ceding expense allowances.

*Young, Moore, Henderson & Alvis, P.A., by Charles H. Young, Jr., R. Michael Strickland and Marvin M. Spivey, Jr., for petitioner-appellee.*

*Howard, From, Stallings & Hutson, P.A., by William M. Black, Jr., for respondent-appellant.*

JOHNSON, Judge.

Appellee North Carolina Reinsurance Facility ("Facility") is a nonprofit unincorporated entity created by the 1973 General Assembly and organized pursuant to Article 25A of Chapter 58 of the North Carolina General Statutes ("Facility Act"). The Facility was created to insure the availability of automobile insurance to all North Carolina drivers. Appellant, Universal Insurance Company ("Universal"), a licensed automobile liability insurer, is a member of the Facility.

Universal and all other members of the Facility are required to issue liability policies to "eligible risk" applicants, but may cede the policies to the Facility. By ceding the policies, each insurance company receives reimbursement for its underwriting expenses by retaining a certain percentage of the premiums collected. The Facility determines the ceding expense allowance for each company for each fiscal year by analyzing the data each company submits. Such data is designed to illustrate the company's expenses attributable to the ceded policies for the preceding calendar year. The ceding expense allowance, calculated by the Facility for each company, is intended to reimburse each company for its expenses up to a maximum cap which is equal to the average ceding expense allowance for all member companies. Each company's ceding expense allowance is developed based upon an annual "call for expense experience" which is annually submitted by all companies to the North Carolina Rate Bureau.

In April 1987, Universal notified the Facility that it wanted to change, retroactively, the data it had submitted for the years 1984 and 1985. Universal alleged that all data was based upon allocations of combined automobile liability and physical damage expenses. If further advised the Facility that as a result of its new allocation method Facility owed Universal an additional ceding expense allowance of $229,282.00 for 1 October 1985 through 30 September 1986.

Shortly thereafter, members of the Facility met with representatives of Universal and Universal was advised that the Facility staff did not have the authority to grant Universal's request. It was also advised that the request would have to be presented to the Facility's Board of Governors ("Board") for consideration. The Board is comprised of executives from five insurance companies who are members of the Facility and four insurance agents appointed by the Commissioner of Insurance.

On 24 June 1987, the Board met and Universal's request was heard. At the conclusion of Universal's presentation and after discussion and deliberation, the Board unanimously voted: "(i) to deny the request for retroactive change in the allocation method and retroactive increase in the ceding expense allowance for the period October 1, 1986 through September 30, 1987; and (ii) to defer action on the request with respect to the period October 1, 1985 through September 30, 1986."

On 26 August 1987, the Board met once again to consider Universal's request for the period 1 October 1985 through 30 September 1986. The request was subsequently denied. Universal appealed this decision to the Commissioner of Insurance ("Commissioner") by letters dated 22 September 1987 and 23 September 1987. The Commissioner thereafter appointed a hearing officer to review the action of the Board.

An order issued 6 January 1988 by the Commissioner through his designated hearing officer resulted in the disapproval of the action taken by the Board. Through petitions dated 8 February 1988 and 10 February 1988, both the Facility and Universal sought judicial review of the Commissioner's order. Such review was requested of the Superior Court of Wake County.

Oral arguments on the matter were heard in superior court on 7 November 1988. On 5 December 1988, the Honorable B. Craig Ellis ruled in favor of the Facility and vacated the order of the Commissioner. Universal appealed in apt time.

[1] By its first Assignment of Error, Universal contends that the trial court erred in vacating the order of the hearing officer. Universal argues that the order was entered pursuant to statutory authority and was supported by material and substantial evidence. We disagree.

G.S. sec. 150B-43, a part of the Administrative Procedure Act ("APA"), provides in part that

> [a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute.

The Department of Insurance is an "agency" subject to the provisions of APA, G.S. sec. 150B-2(1), and therefore the threshold question is whether "another statute" provides "adequate procedure for judicial review." Our Supreme Court has held that adequate procedure for judicial review exists "only if the scope of review is equal to that under present Article 4 of G.S. Chapter 150A." Effective 1 January 1986, G.S. Chapter 150A was recodified as G.S. Chapter 150B. *Comr. of Insurance v. Rate Bureau*, 300 N.C.

381, 395, 269 S.E.2d 547, 559, *pet. reh'g denied*, 301 N.C. 107, 273 S.E.2d 300 (1980).

Another statute, namely the Facility Act, provides guidance for judicial review of decisions made by the Insurance Commissioner. G.S. sec. 58-37-65(f) of the Facility Act provides that "[a]ll rulings or orders of the Commissioner . . . shall be subject to judicial review as approved by G.S. sec. 58-2-75." G.S. sec. 58-2-75(a) provides that "[a]ny order or decision made, issued or executed by the Commissioner [of Insurance] . . . shall be subject to review in the Superior Court of Wake County on petition by any person aggrieved." Such appeals shall be based upon the transcript of the record for a review of the findings of fact and errors of law only. Cases involving judicial review before a court other than the Wake County Superior Court, by statutory interpretation and implication extends the application of G.S. sec. 58-2-75 to higher appeals, particularly, appeals to this Court. *See State Farm Mutual Automobile Ins. Co. v. Com'r of Insurance*, 288 N.C. 381, 218 S.E.2d 364 (1975).

G.S. sec. 58-2-75(c) is somewhat limited in that it merely provides that "[t]he trial judge shall have jurisdiction to affirm or to set aside the order or decision of the Commissioner and to restrain the enforcement thereof." We find this provision to be virtually identical to the broader review set forth in G.S. sec. 150B-51(b). The standard of review set forth in G.S. sec. 150B-51 has come to be known as the "whole record" test and provides that

> the [trial] court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:
>
> . . . .
>
> (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; . . .

As stated by the Supreme Court,

> [t]he "whole record" test does not allow the reviewing court to replace the Board's judgment as between two reasonably

conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo*. On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the Board's result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.

*Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977).

Recognizing that these two provisions (G.S. sec. 58-2-75 and G.S. sec. 150B-51) are comparable, we nonetheless hold that G.S. sec. 150B-51 is the controlling judicial review statute. To the extent that G.S. sec. 58-2-75 adds to and is consistent with the judicial review function of G.S. sec. 150B-51, we will proceed by applying the review standards articulated in both statutes.

[2]    It is a well-settled rule that the Commissioner has no authority other than that granted to him by statute. *See* G.S. sec. 58-2-40; *Charlotte Liberty Mutual Ins. Co. v. State Ex Rel. Lanier*, 16 N.C. App. 381, 192 S.E.2d 57 (1972). The Commissioner, in reviewing the actions of the Board, must "issue an order approving the action or decision, disapproving the action or decision, or directing the Board of Governors to reconsider the ruling." G.S. sec. 58-37-65(c). In determining allowable credits, the Board is expected to evaluate each request on a case by case basis and may make reasonable exceptions when it is demonstrated that serious inequities may result from the application of Article XII of the Plan of Operation. Article XII, paragraph 9, in particular, provides that:

> [t]he Board shall make provisions for and promulgate rules for determining allowable credits to be applicable to newly admitted members and other members for whom the allowances developed under paragraphs (1) and (2) above are determined to be inappropriate. On a case by case basis, the Board, on its own motion or upon request, may also make reasonable exceptions for any member with respect to which it is determined to demonstrate that serious inequities result from the application of this Article or the rules promulgated pursuant thereto.

In the case *sub judice*, the issue before the Board was whether Universal was entitled, under Article XII of the Plan of Operation, to a retroactive amendment of its ceding expense allowance. The Board, following consideration, unanimously decided that Universal was not entitled to such an amendment. Upon appeal, it became the Commissioner's responsibility to determine whether the Board acted within and in accordance with the Plan of Operation. The Commissioner, through its hearing officer, concluded as a matter of law that the Board did not comply with Article XII, paragraph 9 of the Plan of Operation and that Universal suffered serious inequities as a result of such noncompliance. The trial court thereafter made the following Conclusions of Law:

1. The decision by the Facility's Board of Governors to reject the request by Universal that it be allowed to change its 1984 and 1985 expense data based on retroactive adoption of its new expense allocation method did not violate Article XII, Paragraph 9 of the Facility's Plan of Operation.

. . . .

3. The order entered by the hearing officer on January 6, 1988 was erroneous as a matter of law, unsupported by material and substantial evidence and in excess of his statutory authority.

Guided by the "whole record" test, we must now look at the trial court's decision to determine whether any errors of law were committed.

Universal argues that it has suffered serious inequities as a result of the trial court's decision to vacate the order of the Commissioner to increase Universal's fiscal year expenses. In making such an argument, Universal contends that it made an honest mistake when choosing the appropriate allocation method. Universal does not, however, contend that the calculations were incorrect nor does it contend that the data which it reported to the Facility were incorrect. It simply contends that a different allocation method would have been more appropriate. Hence, Universal, not Facility, elected to use this allocation method and such fact cannot go unnoticed.

In disapproving the decision of the Board, the hearing officer, in essence, set out his own decision with respect to the treatment that should be afforded Universal on its ceding expense allowance. In doing so, he disregarded the fact that Universal's original calcula-

tions were correct given the allocation method it elected to adopt and use. The hearing officer also disregarded the effect of retroactively changing Universal's expense data on the average ceding expense allowance for all member companies as well as the ultimate effect such change would have on the public.

The Commissioner, not the superior court, is vested with the power to determine if Universal is entitled, under the Plan of Operation, to a retroactive amendment of its ceding expense allowance. However, the powers given to the Commissioner by G.S. sec. 58-37-40 do not permit the Commissioner to make findings of fact which are not supported by material and substantial evidence. In light of the above-mentioned facts, we find substantial evidence to support the trial court's order vacating the Commissioner's decision to increase Universal's ceding expense allowance. Assignment of Error number one is therefore overruled.

[3] By its second Assignment of Error, Universal contends that the Board lacked statutory authority and jurisdiction to exercise adjudicatory powers. We have reviewed Universal's constitutional argument and find it to be improperly before this Court. Universal, in assigning this contention as error, has failed to comply with Rule 10 of the N.C. Rules of Appellate Procedure. Recognizing that we, in our discretion, may address an argument that fails to comply with Rule 10, we are compelled to state that the N.C. Supreme Court has firmly established that

> the constitutionality of a statute will not be reviewed in the appellate court unless it was raised and passed upon in the proceedings below, *City of Durham v. Mason*, 285 N.C. 741, 208 S.E.2d 662 (1974), usually by the trial court. "[W]e will not pass upon a constitutional question unless it affirmatively appears that such question was raised *and passed upon* in the court below." *State v. Dorsett & Yow*, 272 N.C. 227, 229, 158 S.E.2d 15, 17 (1967) (emphasis in the original).

*Comr. of Insurance v. Rate Bureau, supra*, at 428, 269 S.E.2d at 577. We therefore decline to address this argument.

We find Universal's last Assignment of Error to be wholly without merit, and we do not address it.

For all the foregoing reasons, the order of the superior court vacating the decision of the Commissioner of Insurance to retroactively increase Universal's ceding expense allowance is

Affirmed.

Judges COZORT and LEWIS concur.