IN THE SUPREME COURT OF NORTH CAROLINA

No. 214A17

Filed 11 May 2018

IN RE: JUDICIAL REVIEW OF FINAL AGENCY DECISION OF THE N.C. BOARD OF CPA EXAMINERS IN THE MATTERS OF BELINDA L. JOHNSON, CPA #31871; AND BELINDA JOHNSON CPA, P.A., DATED JUNE 23, 2016

Appeal pursuant to N.C.G.S. § 7A-27(a)(2) from an opinion and order dated 1 May 2017 entered by Judge Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases, in Superior Court, Wake County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(b). Heard in the Supreme Court on 6 February 2018.

*Heidgerd Law Office, LLP, by Jason E. Spain, C.D. Heidgerd, and Eric D. Edwards, for petitioner-appellants.*

*Allen & Pinnix, P.A., by Noel L. Allen and Nathan E. Standley; and Frank X. Trainor, III, Staff Attorney, North Carolina State Board of CPA Examiners, for respondent-appellee.*

JACKSON, Justice.

In this case we consider whether the North Carolina State Board of Certified Public Accountant Examiners (the Board) can take disciplinary action against an individual or entity regulated by the Board for failure to follow a rule requiring compliance with the terms of a peer review contract. We also consider whether the Board's decision to suspend petitioners' registration in this case was made based on lawful procedure and substantial evidence. Because we conclude that the Board

lawfully required a certified professional and her corporation to honor a private peer review contract and that the Board's decision was based on substantial evidence, we affirm the decision of the North Carolina Business Court affirming the Board's disciplining of petitioners.

Petitioner Belinda Johnson is a Certified Public Accountant (CPA) holding a certificate issued by the Board. Petitioner Belinda Johnson CPA, P.A. (the Firm) is a registered certified public accounting corporation, solely owned by Johnson. On 23 June 2016, the Board issued a final decision in which it unanimously found that petitioners failed to comply with required auditing standards, failed to fulfill the terms of a peer review contract, and failed to timely respond to the Board and its staff during an investigation. The Board concluded that this conduct violated rules and standards promulgated by the Board and suspended the Firm's registration for three years or until petitioners fulfilled the terms of their peer review contract. The Board also imposed monetary penalties on Johnson, issued a five-year revocation of Johnson's CPA certificate, and stayed that revocation "provided Respondent Johnson complie[d] with all North Carolina Accountancy laws and rules during the period of the stayed revocation."

The facts underlying the Board's decision arise from a 2013 peer review of petitioners' accounting and auditing practice. In order to satisfy Board rule 21 NCAC 08M .0105(d), requiring "[p]articipation in and completion of the AICPA Peer Review

Program," petitioners entered into a peer review contract with Tina Purvis of Hollingsworth Avent Averre & Purvis, PA. The peer review contract specified that Purvis would bill at a rate of $150 per hour and estimated that the peer review would take between fifteen and twenty-one hours. In part, Purvis performed a detailed review of an audit petitioners had performed for one of their not-for-profit clients (the client audit). Based upon this review, Purvis noted material departures from the relevant standards, issued a failing result, and recommended that the Firm reissue certain documents related to the client audit. Johnson disputed the results of the failed peer review before the North Carolina Association of Certified Public Accountants Peer Review Committee. After an investigation and telephone conference, the Peer Review Committee accepted Purvis's review, including the failing result.

On 30 April 2014, Purvis filed a complaint with the Board alleging that petitioners failed to fulfill the terms of the peer review contract by refusing to pay for the peer review. This complaint was forwarded to the Board's Professional Standards Committee (the committee). The committee informed Johnson that she had not complied with the peer review contract and directed petitioners to resolve the matter with Purvis by 23 October 2014. Petitioners did not resolve their dispute with Purvis and on 28 August 2015, the committee requested that petitioners submit documents related to the Purvis peer review. On 4 September 2015, Johnson sent a letter to the

committee declining to send the documents because she considered the information "unnecessary and redundant" and "irrelevant and immaterial to this case."

After providing notice to petitioners, the Board held a hearing to address these matters on 19 May 2016. Petitioners were not represented by counsel at this hearing, but Johnson attended, introduced evidence, and cross-examined witnesses. On 23 June 2016, the Board issued its final decision imposing discipline on petitioners. On 22 July 2016, petitioners filed for judicial review in Superior Court, Mecklenburg County. The case was subsequently designated as a mandatory complex business case by the Chief Justice and venue was transferred to Wake County.

Petitioners were represented by counsel before the Business Court. After receiving briefs from both parties, the Business Court held a hearing and issued a written order upholding the Board's decision. The Business Court noted:

> Here, the Court's task of reviewing the Board's Order is made exceedingly difficult by the Petitioner[s'] failure to support their exceptions with references to the record evidence, or with coherent arguments or citation to legal authority. Petitioner[s'] brief consists primarily of declaratory statements that, for the most part, are not linked to any particular exception in their Petition. Nevertheless, the Court will review the Board's critical findings of fact and conclusions of law to determine whether they are supported by the evidence and free from errors of law.

*In re Johnson*, No. 16 CVS 12212, 2017 WL 1745650, at *4 (N.C. Super. Ct. Wake County (Bus. Ct.) May 1, 2017). After completing its review of "the Board's critical

findings of fact and conclusions of law," *id.*, the Business Court affirmed the Board's decision, *id.* at *8. Petitioners appealed to this Court.

On appeal, petitioners first argue that the Board's decision to revoke the Firm's registration for three years or until petitioners fulfilled the terms of the peer review contract violated the North Carolina Constitution. Maintaining that the decision effectively was an order enforcing a disputed private contract, petitioners contend that such a directive exceeded the judicial powers "reasonably necessary for the agency to serve its legislative purpose."

A claim that the agency acted in violation of constitutional provisions is reviewed de novo, with the reviewing court "consider[ing] the matter anew[ ] and freely substitut[ing] its own judgment for the agency's." *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 659-60, 599 S.E.2d 888, 894-95 (2004) (quoting *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13-14, 565 S.E.2d 9, 17 (2002) (second alteration in original)). Our state constitution provides that "[t]he General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created." N.C. Const. art. IV, § 3. To determine whether and how an administrative agency can permissibly exercise judicial power, this Court must engage in a fact-specific analysis considering "the purpose for which the agency was established and . . . the nature and extent of the

judicial power undertaken to be conferred." *In re Civil Penalty*, 324 N.C. 373, 379, 379 S.E.2d 30, 34 (1989) (emphasis omitted) (quoting *State ex rel. Lanier v. Vines*, 274 N.C. 486, 497, 164 S.E.2d 161, 168 (1968)). This Court has held that when the General Assembly delegated the power to grant and revoke occupational licenses to an administrative agency, it was reasonably necessary for that agency to hold hearings and determine facts relating to the conduct of the licensee when exercising that power, but it was not permissible for that agency to exercise free discretion to impose a civil penalty of up to $25,000 on a licensee for each violation of law. *Lanier*, 274 N.C. at 497, 164 S.E.2d at 168. On the other hand, this Court has determined that the General Assembly may grant an administrative agency the discretion to impose a civil penalty when such discretion is consistent with the purpose of the agency, bound by guiding standards, and subject to judicial review. *In re Civil Penalty,* 324 N.C. at 382-83, 379 S.E.2d at 35-36.

With respect to the Board action at issue in this case, the General Assembly has delegated to the Board the authority to adopt rules of professional ethics and conduct for CPAs. N.C.G.S. § 93-12(9) (2017). Section 93-12 specifies that the Board "may formulate rules and regulations for report review and peer review" and "require remedial action by any firm with a deficiency in the review according to the rules established by the Board." *Id.* § 93-12(8c) (2017). The legislature also has authorized the Board to undertake disciplinary action in response to a "[v]iolation of any rule of professional ethics and professional conduct adopted by the Board." *Id.* § 93-12(9)(e).

Subsection 93-12(9) explicitly authorizes the Board to use three forms of discipline: certificate revocation, censure, or assessment of a civil penalty not to exceed one thousand dollars. The Board is further directed to take any disciplinary action in compliance with N.C.G.S. Chapter 150B, the Administrative Procedure Act (APA). *Id.* § 93-12(9). As directed by the APA, a party "aggrieved by the final decision in a contested case . . . is entitled to judicial review of the decision." *Id.* § 150B-43 (2017).

Here petitioners challenge the legal authority of the Board to impose one disciplinary action: "Respondent Firm's registration shall be suspended for three (3) years, or until Respondent Firm provides proof satisfactory to the Board that it has fulfilled the terms of the 2013 Peer Review engagement in compliance with 21 NCAC 08N .0203(b)(4), whichever occurs first." Petitioners take the position that the Board's disciplinary action is an affirmation of a disputed debt, which is in effect a civil judgment outside the judicial powers reasonably necessary to achieve the Board's purpose; however, this is a misapprehension of the nature of the disciplinary action. The Board has not ordered petitioners to pay Purvis a particular amount. It simply determined, based in part on admissions by Johnson at the hearing, that petitioners entered into the peer review contract in accordance with 21 NCAC 08M .0105 but then failed to perform the terms of that contract. Consistent with its rules and regulations, the Board then suspended the Firm's registration for three years or until it demonstrated compliance with the rule. Because this discipline was appropriate to the purpose of the agency, guided by standards established by the

General Assembly, and subject to judicial review, it was not an impermissible exercise of judicial power.

Next, petitioners argue that the Business Court erred in finding that their failure to object to testimony from an expert witness before the Board constituted a waiver of petitioners' right to raise this objection on appeal. While we agree with petitioners that the Business Court erred in its reasoning, this error did not affect the result of this case, and therefore, it is not reversible error.

A challenge to an agency decision on the grounds of unlawful procedure is also reviewed de novo. *See Carroll*, 358 N.C. at 659-60, 599 S.E.2d at 894-95. Petitioners are correct insofar as "[i]t shall not be necessary for a party or his attorney to object to evidence at the hearing in order to preserve the right to object to its consideration by the agency in reaching its decision, or by the court of judicial review." N.C.G.S. § 150B-41(a) (2017). Before this Court, petitioners argue that the expert witness did not have sufficient facts to support her opinion. The gravamen of this argument is that because the expert witness did not have petitioner Johnson's complete work papers, she could not form a valid expert opinion, even though the records she did have were those petitioners had provided to the Board to demonstrate their compliance with the rules and regulations at issue in the hearing. The record shows, however, that the expert noted both that documents that a competent auditor would include were missing from the record and that some documents in the record did not

meet the standards of competence. If we were to agree with petitioners' argument that the expert could not properly testify regarding the import of documents missing from the files provided, this would not change the overall result. Petitioners' argument would only limit the evidence this Court would consider in determining if substantial evidence in the record supports the Board's determination.

Finally, petitioners argue that the Board lacked substantial evidence to support the finding that petitioners failed to comply with Government Auditing Standards and generally accepted auditing standards. We disagree.

An argument that an agency action was not supported by substantial evidence is reviewed on the whole record, in which the reviewing court "examine[s] all the record evidence . . . to determine whether there is substantial evidence to justify the agency's decision." *Carroll*, 358 N.C. at 660, 559 S.E.2d at 895 (quoting *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004)). " 'Substantial evidence' is 'relevant evidence a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 660, 599 S.E.2d at 895 (quoting N.C.G.S. § 150B-2(8b) (2003)). If the expert witness testimony were not allowed, petitioners argue that it would be improper to impose disciplinary action pursuant to 21 NCAC 08N .0203 based solely on a failed peer review. But this rule neither contains the requirement proposed by petitioners nor is it the provision that the Board found petitioners had violated for failing to comply with standards. *Compare* 21 NCAC 08N

.0203 (2017) *with id.* 08N .0212, .0403, *and* .0409 (2017). In fact, the Board had before it voluminous uncontested evidence to consider, including the records submitted by petitioners and the report and testimony by Purvis, as well as unchallenged testimony by the expert witness. While it is true that the Board was not in a position to review petitioners' full work papers, petitioners' refusal to provide them—an action for which petitioners were disciplined—was the only reason for this shortcoming. It would undermine a fundamental purpose of a regulatory board for a regulated party to be able to escape review and disciplinary action by refusing to provide records solely in its possession. Therefore, we conclude that the record contained sufficient evidence to support the Board's decision.

The disciplinary actions imposed by the Board and challenged by petitioners were consistent with the purpose of the agency, bound by guiding standards, and subject to judicial review. Therefore, we hold that the Board's action was not an unconstitutional exercise of judicial power. Furthermore, we hold that the Board's decision was supported by substantial evidence notwithstanding the procedural error alleged by petitioners. Accordingly, for the foregoing reasons, we affirm the decision of the Business Court affirming the Board's imposition of disciplinary actions against petitioners.

AFFIRMED.