ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Petitioner-Appellant v. NORTH CAROLINA MOTOR VEHICLE REINSURANCE FACILITY, Respondent-Appellee

No. COA95-1336

(Filed 5 November 1996)

**Insurance § 383 (NCI4th)— ceded automobile insurance—use of Reinsurance Facility forms**

An insurer writing automobile insurance in North Carolina is not permitted to use its own policy forms on insurance policies ceded to the Reinsurance Facility but must use only those forms filed by or on behalf of the Reinsurance Facility. The Reinsurance Facility is not required to approve and file with the Commissioner of Insurance policy forms for motor vehicle insurance ceded to the Reinsurance Facility that are the same as those used by the insurer in its voluntary business because the insurer is required by N.C.G.S. § 58-37-25(b) to provide the "same type of service" to ceded business that it provides to its voluntary business. N.C.G.S. § 58-37-25(l).

**Am Jur 2d, Insurance §§ 1831-1841.**

**Reinsurer's liability for primary liability insurer's failure to compromise or settle. 42 ALR4th 1130.**

ST. PAUL FIRE AND MARINE INS. CO. v. N.C. MOTOR VEH. REINSURANCE FAC.

[124 N.C. App. 450 (1996)]

Appeal by petitioner from judgment entered 25 August 1995 in Wake County Superior Court by Judge Henry V. Barnette. Heard in the Court of Appeals 10 September 1996.

*Bailey & Dixon, L.L.P., by J. Ruffin Bailey and Alan J. Miles, for petitioner-appellant.*

*Young Moore and Henderson, P.A., by William M. Trott and R. Michael Strickland, for respondent-appellee.*

GREENE, Judge.

St. Paul Fire and Marine Insurance Company (petitioner) appeals a judgment of the Wake County Superior Court affirming the final agency decision of the North Carolina Commissioner of Insurance holding that when petitioner writes motor vehicle liability insurance that is ceded to the North Carolina Motor Vehicle Reinsurance Facility (Facility) (respondent) it must use only those forms filed by or on behalf of the respondent.

The facts in this case are not in dispute. In 1979 the petitioner, an insurer licensed to write within North Carolina motor vehicle insurance, requested permission from the Commissioner of Insurance (Commissioner) to use its "readable" insurance policy for commercial automobile insurance. The policy form was approved. Simultaneous with that approval, the petitioner began using that approved form for both its voluntary commercial automobile business and that business ceded to the Facility, pursuant to N.C. Gen. Stat. § 58-37-25 (1994). This information was discovered by the Facility in early 1991 while conducting a routine audit. In March 1991, the Facility notified petitioner that its policy form was not proper for the issuance of insurance ceded to the Facility.

The petitioner thereafter requested the Facility to approve its policy form for use in ceded business and that the approved form be filed with the Commissioner pursuant to N.C. Gen. Stat. § 58-37-35(1) (1994). The Facility rejected the petitioner's request and the petitioner appealed, pursuant to N.C. Gen. Stat. § 58-37-65(b) (1994), to the Commissioner. The Commissioner approved the decision of the Facility and directed that the petitioner "use Facility forms for business ceded to the Facility." The petitioner, pursuant to N.C. Gen. Stat.

452 IN THE COURT OF APPEALS

ST. PAUL FIRE AND MARINE INS. CO. v. N.C. MOTOR VEH. REINSURANCE FAC.

[124 N.C. App. 450 (1996)]

§ 58-2-75(a) (1994),[1] appealed to the Superior Court. The Superior Court affirmed the Commissioner.

The dispositive issue is whether an insurer, writing automobile insurance in North Carolina, is permitted to use its own policy forms on insurance policies ceded to the Facility.

In North Carolina every "insurer[] licensed to write and engaged in writing within this State motor vehicle insurance or any component thereof," N.C.G.S. § 58-37-5 (1994), is required to "accept and insure any otherwise unacceptable applicant therefor who is an eligible risk if cession of the particular coverage and coverage limits applied for are permitted in the Facility." N.C.G.S. § 58-37-25(a). The insurer is required to "provide the same type of service to ceded business that it provides for its voluntary market." N.C.G.S. § 58-37-25(b). "The classifications, rules, rates, rating plans and policy forms used on motor vehicle insurance policies [ceded to] the Facility may be made by the Facility or by any licensed or statutory rating organization or bureau on its behalf and shall be filed with the Commissioner [of Insurance]." N.C.G.S. § 58-37-35(1).

The petitioner argues that because it is required to provide the same "type of service" to ceded business that it provides to its voluntary business, N.C.G.S. § 58-37-25(b), the Facility is required to approve and file with the Commissioner policy forms for motor vehicle insurance ceded to the Facility that are the same as those used by the insurer in its voluntary business. We disagree.

Section 58-37-35(1) is unambiguous in stating that insurers are required to use, in the writing of motor vehicle insurance policies ceded to the Facility, only those policy forms "made" by the Facility or those "made" by "any licensed or statutory rating organization or bureau" and filed with the Commissioner. N.C.G.S. § 58-37-35(1).[2] Therefore, even if we accept the petitioner's argument, which we seriously question, that "type of service" can be construed to include pol-

1. *See N.C. Reinsurance Facility v. Long*, 98 N.C. App. 41, 46, 390 S.E.2d 176, 179 (1990), holding that N.C. Gen. Stat. § 150B-51 (1995), "is the controlling judicial review statute" with respect to review of the decisions of the Commissioner. The Court further noted, however, that "[t]o the extent that G.S. sec. 58-2-75 adds to and is consistent with the judicial review function of G.S. sec. 150B-51, we will proceed by applying the review standards articulated in both statutes."

2. There is no dispute in this case that the forms filed by the Facility with respect to commercial automobile insurance are those "made" by Insurance Services Office, a rating organization.

icy forms, because the legislature has specifically stated in another statute that policy forms are to be determined by the Facility, the more specific statute prevails. *See Highway Comm'n v. Hemphill,* 269 N.C. 535, 539, 153 S.E.2d 22, 26 (1967). Thus there is no violation of the anti-discrimination provision of section 58-37-25(b) when the Facility mandates the uniform use of policy forms for all ceded motor vehicle insurance business.

We have carefully considered the other arguments asserted by the petitioner and overrule them. Accordingly, the judgment of the Wake County Superior Court is

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.