DISTRIBUTORS PHARMACY, INC., APPELLANT, *v.* OHIO STATE BOARD OF PHARMACY, APPELLEE.

(No. 52475—Decided August 17, 1987.)

*Keevin Berman,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *John E. Breen,* for appellee.

STILLMAN, J. The State Board of Pharmacy ("the board") revoked Distributors Pharmacy, Inc.'s ("the pharmacy's") terminal distributor

license and imposed a fine of $5,000 pursuant to R.C. 4729.57. In its August 5, 1985 order, the board set forth seventy-eight separate findings of fact detailing innumerable violations of R.C. Chapters 4729, 3719, 3715 and 2925, including the improper dispensing of tens of thousands of Schedule II and IV substances. The pharmacy appealed to the court of common pleas, which affirmed the board's decision.

In a timely appeal to this court, the pharmacy raises two assignments of error:

"The Court of Common Pleas, Cuyahoga County, erred in affirming the decision of the Ohio State Board of Pharmacy (hereinafter 'board') mailed August 5, 1985.

"The board exceeded its statutory authority to impose sanctions pursuant to R.C. Section 4729.57 by both revoking the appellant's terminal distributor's license and fining the appellant as well."

The pharmacy has not separately argued these alleged errors and thus we also combine them in our review.

Initially, the pharmacy contends that the board exceeded its statutory authority by both revoking its license and imposing a monetary penalty. In support of its position, the board argues that the word "or" as used in R.C. 4729.57 must be read in the disjunctive. We agree.

R.C. 4729.57 provides in pertinent part:

"(A) The board of pharmacy may suspend, revoke, or refuse to renew any license issued to a terminal distributor of dangerous drugs pursuant to section 4729.54 of the Revised Code *or* may impose a monetary penalty or forfeiture not to exceed in severity any fine designated under the Revised Code for a similar offense or one thousand dollars if the acts committed have not been classified as an offense by the Revised Code, for any of the following causes:

"(1) Making any false material statements in an application for a license as a terminal distributor of dangerous drugs;

"(2) Violating any rule of the board;

"(3) Violating any provision of this chapter;

"(4) Violating any provision of the 'Federal Food, Drug, and Cosmetic Act,' 52 Stat. 1040 (1938), 21 U.S.C. 301, or Chapter 3715. of the Revised Code;

"(5) Violating any provision of the federal narcotic law or Chapter 2925. or 3719. of the Revised Code;

"(6) Falsely or fraudulently promoting to the public a dangerous drug, except that nothing in this division prohibits a terminal distributor of dangerous drugs from furnishing information concerning a dangerous drug to a practitioner or another licensed terminal distributor;

"(7) Ceasing to satisfy the qualifications of a terminal distributor of dangerous drugs set forth in section 4729.55 of the Revised Code." (Emphasis added.)

R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.* * *" See, also, *Sears* v. *Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E. 2d 413, paragraph five of the syllabus; *State, ex rel. Brown,* v. *Dayton Malleable* (1982), 1 Ohio St. 3d 151, 155, 1 OBR 185, 188, 438 N.E. 2d 120, 123. The word "or" is most commonly used in the disjunctive and is employed to indicate an alternative. Webster's New Collegiate Dictionary (1976). However, there is authority for its use in the conjunctive. For example, R.C. 1.02(F) provides that " 'or' may be read as 'and' if the sense requires it." See, also, *Toledo* v. *Bernoir* (1969), 18 Ohio St. 2d 94, 99-100, 47 O.O. 2d 241, 244, 247 N.E. 2d 740, 744.

In *In re Estate of Marrs* (1952), 158

Ohio St. 95, 99, 48 O.O. 46, 47-48, 107 N.E. 2d 148, 150-151, the Supreme Court discussed the interchangeability of "or" and "and" stating:

"However, an examination of the authorities shows that under certain conditions the word, 'or,' in a legislative enactment can be construed to read 'and,' and that the word, 'and,' can likewise be construed to read 'or.' The word, 'and,' or, 'or,' will not be given its literal meaning where such meaning would do violence to the evident intent and purpose of the lawmakers and the other meaning would give effect to such intent. Contrariwise, the words should not be treated as interchangeable when their accurate and literal meaning does not render the sense dubious, and the fact that the terms of the legislative enactment when given their literal meaning may prove onerous in some instances is not sufficient to warrant a court in arbitrarily changing plain and unambiguous language employed by the legislative body in the enactment." See, also, *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 303-304, 17 O.O. 3d 195, 196-197, 408 N.E. 2d 680, 682.

We find that the language in R.C. 4729.57 is unambiguous and that the use of the word "or" in the disjunctive does not do violence to the statute. R.C. 4729.57 details the conduct justifying disciplinary action by the board and provides gradations of penalties which the board may impose for any one statutory violation.

In addition, the board argues that the imposition of two penalties was proper in this case because each was based on different violations of the Revised Code. We find this argument persuasive. The record demonstrates that the board's order revoking the pharmacy's license cites violations of the Revised Code wholly separate from those statutory violations which serve as the basis for the fine. Thus, we find that the board did not err by imposing both penalties.

Next, the pharmacy argues that R.C. 4729.16 is unconstitutional because it fails to set forth adequate standards to guide the board in the imposition of monetary penalties. Specifically, the pharmacy challenges that portion of the statute which allows the board to impose a fine not in excess of any fine designated under the Revised Code for a similar offense.

First, we note that R.C. 4729.16, the statute cited by the pharmacy, only applies to disciplinary actions taken against a pharmacist or pharmacy intern. In the instant case, the board's actions were directed against Robert Berman, a pharmacist and the owner of Distributors Pharmacy, Inc., under R.C. 4729.16, and against Distributors Pharmacy, Inc. pursuant to R.C. 4729.57. Only the pharmacy has perfected an appeal to this court. However, since the language cited by the pharmacy in R.C. 4729.16 also is contained in R.C. 4729.57, we will address the constitutional issues raised by the pharmacy.

It is well-established that an enactment of the General Assembly enjoys a strong presumption of constitutionality. *American Cancer Society, Inc.* v. *Dayton* (1953), 160 Ohio St. 114, 121, 51 O.O. 32, 35, 114 N.E. 2d 219, 223. Before a court may declare an Act unconstitutional, " '* * * it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " *State, ex rel. Jackman,* v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 161, 38 O.O. 2d 404, 405, 224 N.E. 2d 906, 909.

As a general rule, the legislature may delegate powers to an administrative agency only if the powers are surrounded by standards to guide the agency's actions. *Matz* v. *J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271,

280, 8 O.O. 41, 45, 7 N.E. 2d 220, 225; *Blue Cross* v. *Jump* (1980), 61 Ohio St. 2d 246, 251, 15 O.O. 3d 257, 260, 400 N.E. 2d 892, 896. The standards must be sufficient to ensure that the agency does not act arbitrarily or capriciously. *American Cancer Society, supra,* at 128, 51 O.O. at 38, 114 N.E. 2d at 226.

Through the enactment of R.C. 4729.57, the legislature has empowered the State Board of Pharmacy with the authority to impose penalties up to the maximum fine permitted for similar felony and misdemeanor conduct. Implicit in the statute is a sliding penalty scale. Unlike the statute in *County Council for Montgomery Cty.* v. *Investors Funding Corp.* (1973), 270 Md. 403, 441-442, 312 A. 2d 225, 246, relied upon by the pharmacy, the maximum penalty in any particular case depends upon the specific violations found by the board. For example, if the conduct constitutes only a misdemeanor under the Criminal Code, the maximum fine would be substantially less than if the conduct constituted a felony. In this regard the legislature has restricted the board's discretion. In *County Council,* the County Council for Montgomery County gave the Commission on Landlord-Tenant Affairs the power to impose maximum fines of $1,000 regardless of the landlord's conduct.

We further find *State, ex rel. Lanier,* v. *Vines* (1968), 274 N.C. 486, 497, 164 S.E. 2d 161, 167-168, also cited by the pharmacy, not on point. In *Vines,* the North Carolina Supreme Court struck down a statute empowering the Commissioner of Insurance to impose fines up to a maximum of $25,000 for violations of the insurance statutes. The court found this power not a "reasonably necessary" delegation of judicial power as required under the North Carolina Constitution. The court's opinion does not address the issue of standards.

In light of the above, we find the statutory language cited by the pharmacy to provide sufficient standards to guide the board in the imposition of monetary penalties. Thus, the pharmacy's constitutional challenge to R.C. 4729.57 is not well-taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Parrino and Martin, JJ., concur.

Saul G. Stillman, J., retired, and Thomas J. Parrino, J., retired, of the Court of Appeals for Cuyahoga County, and William J. Martin, J., of the Court of Common Pleas of Carroll County, sitting by assignment.