OHIO STATE BOARD OF PHARMACY, Appellee,

v.

DICK'S PHARMACY, Appellant.

[Cite as *Ohio State Bd. of Pharmacy v. Dick's Pharmacy,*
150 Ohio App.3d 343, 2002-Ohio-6500.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–241.

Decided Nov. 27, 2002.

344

Betty D. Montgomery, Attorney General, and Sally Ann Steuk, Assistant Attorney General, for appellee.

Rossi & Rossi and Gregg A. Rossi, for appellant.

---

DESHLER, Judge.

{¶ 1} Appellant, Dick's Pharmacy, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order issued by appellee, the Ohio State Board of Pharmacy ("OSBP"), which imposed a $25,000 fine on Dick's Pharmacy.

{¶ 2} From 1987 through 2001, Richard A. Petrilla, a registered pharmacist, owned Dick's Pharmacy in Youngstown, Ohio. Petrilla personally operated Dick's Pharmacy and served as the pharmacist in charge of the pharmacy. Pursuant to R.C. 4729.551, 4729.54, and 4729.55, Dick's Pharmacy was licensed by the state of Ohio as a terminal distributor of dangerous drugs.

{¶ 3} Based on a complaint lodged by United Health Care ("UHC"), OSBP began an investigation of Dick's Pharmacy in 1998. Many of UHC's Medicaid supplement policies require insureds to purchase all but the first 14-day supply of a prescription drug from a mail order pharmacy. Apparently, UHC had noticed that Dick's Pharmacy was submitting an unusually large number of requests for payment for initial 14-day supplies of prescription drugs. OSBP's investigation revealed that Petrilla had devised a scheme that allowed him to bill UHC for medication that should have been filled by a mail order pharmacy. Specifically, Petrilla was converting properly authorized prescriptions into multiple 14-day prescriptions, each of which he then billed to UHC as an initial 14-day supply.

{¶ 4} On October 4, 2000, following the completion of its investigation,[1] OSBP issued a citation and notice of an opportunity for a hearing to Dick's Pharmacy, as the holder of a terminal distributor's license, charging the pharmacy with five counts of illegal processing of drug documents, in violation of R.C. 2925.23(B)(1), and five counts of illegal distribution of dangerous drugs, in violation of R.C. 4729.51(C). On the same day, OSBP also issued a summary suspension and notice of an opportunity for a hearing to Petrilla, charging him with the same ten violations with which it had charged Dick's Pharmacy. On March 6, 2001, a combined hearing was held before OSBP on the citation issued to Dick's Pharmacy and the suspension notice issued to Petrilla. On April 4, 2001, OSBP issued two orders. The first order found that Petrilla had committed five counts of illegal processing of drug documents and five counts of illegal distribution of dangerous drugs, suspended him from the practice of pharmacy for two years, and fined him $42,500. The second order found that Dick's Pharmacy had committed five counts of illegal processing of drug documents and five counts of illegal distribution of dangerous drugs and fined it $25,000.

{¶ 5} Petrilla appealed OSBP's order directed at him to the Mahoning County Court of Common Pleas, and that matter is not before this court. Dick's Pharmacy appealed from OSBP's order directed at it to the Franklin County Court of Common Pleas. Following the submission of briefs, the Franklin County Court of Common Pleas issued a decision affirming OSBP's order regarding Dick's Pharmacy on February 14, 2002. Dick's Pharmacy appeals from that decision assigning the following errors:

{¶ 6} "ASSIGNMENT OF ERROR NO. 1

{¶ 7} "The trial court erred in affirming the board's order because the board lacked reliable, substantial and probative evidence to support its findings that Dick's Pharmacy committed any pharmacy law violations.

{¶ 8} "ASSIGNMENT OF ERROR NO. 2

{¶ 9} "The trial court erred in finding that the order was supported by reliable, probative, and substantial evidence.

{¶ 10} "ASSIGNMENT OF ERROR NO. 3

{¶ 11} "The trial court erred in affirming the fine of $25,000.00 against Dick's Pharmacy since the fine was unauthorized by law.

{¶ 12} "ASSIGNMENT OF ERROR NO. 4.

---

1. OSBP's investigation also lead to the filing of criminal charges against Petrilla in Mahoning County. On August 17, 2000, he was found guilty of five counts of illegal processing of drug documents and five counts of illegal distribution of dangerous drugs, and placed on probation.

{¶ 13} "The trial court erred in affirming the fine of $25,000.00 upon Dick's Pharmacy because the penalty was disproportionate to the offense and inconsistent with previous rulings of the board.

{¶ 14} "ASSIGNMENT OF ERROR NO. 5

{¶ 15} "The trial court erred in affirming the $25,000.00 fine since such penalty constituted cruel and unusual punishment, in violation of the Ohio Constitution.

{¶ 16} "ASSIGNMENT OF ERROR NO. 6

{¶ 17} "The trial court abused its discretion in affirming the penalty since the penalty is clearly arbitrary and excessive."

{¶ 18} This matter involves an administrative appeal brought pursuant to R.C. Chapter 119. Pursuant to R.C. 119.12, a common pleas court may affirm an administrative agency's determination if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." "This standard calls for two inquiries: a hybrid factual/legal inquiry, in which the agency's findings of fact are presumed correct, and a purely legal inquiry, in which questions of law are reviewed *de novo.*" *Moran v. Ohio Dept. of Commerce, Div. of Real Estate* (1996), 109 Ohio App.3d 494, 497, 672 N.E.2d 699. This court's review, however, is more limited than that of the common pleas court. An appellate court is to determine only whether the common pleas court abused its discretion. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Moran.* Absent an abuse of discretion on the part of the common pleas court, this court may not substitute its judgment for that of the pharmacy board or common pleas court. *Pons,* supra. Instead, this court must affirm the common pleas court's judgment. Id. However, on purely legal questions this court's standard of review is, as always, de novo. *Moran.*

{¶ 19} In its first assignment of error, appellant argues that OSBP's order finding that it committed five counts of illegal processing of drug documents, in violation of R.C. 2925.23, and five counts of illegal distribution of dangerous drugs, in violation of R.C. 4729.51(C), must be reversed because the finding is based on the same conduct that supports OSBP's order finding that Petrilla committed the same ten violations. In effect, appellant argues that OSBP may not sanction it for Petrilla's conduct. We disagree.

{¶ 20} R.C. 4729.57(A) provides:

{¶ 21} "The state board of pharmacy may suspend, revoke, or refuse to renew any license issued to a terminal distributor of dangerous drugs pursuant to section 4729.54 of the Revised Code, or may impose a monetary penalty or forfeiture not to exceed in severity any fine designated under the Revised Code

for a similar offense or one thousand dollars if the acts committed have not been classified as an offense by the Revised Code, for any of the following causes:

{¶ 22}  "* * *

{¶ 23}  "(3) Violating any provision of this chapter;

{¶ 24}  "* * *

{¶ 25}  "(5) Violating any provision of the federal drug abuse control laws or Chapter 2925. or 3719. of the Revised Code."

{¶ 26}  In contrast, R.C. 4729.16(A) provides:

{¶ 27}  "The state board of pharmacy * * * may revoke, suspend, limit, place on probation, or refuse to grant or renew an identification card,[2] or may impose a monetary penalty or forfeiture not to exceed in severity any fine designated under the Revised Code for a similar offense * * * if the board finds a pharmacist * * *:

{¶ 28}  "* * *

{¶ 29}  "(2) Guilty of dishonesty or unprofessional[3] conduct in the practice of pharmacy;

{¶ 30}  "* * *

{¶ 31}  "(5) Guilty of willfully violating, conspiring to violate, attempting to violate, or aiding and abetting the violation of any of the provisions of this chapter, sections 3715.52 to 3715.72 of the Revised Code, Chapter 2925. or 3719. of the Revised Code, or any rule adopted by the board under those provisions." (Footnote added.)

■  {¶ 32}  The penalties authorized by R.C. 4729.57(A) and R.C. 4729.16(A) are separate and distinct from each other.  R.C. 4729.57 authorizes the imposition of penalties on the holder of a terminal distributor's license, while R.C. 4729.16 authorizes the imposition of penalties on a pharmacist.  Where the same conduct constitutes a violation by both a pharmacist and the holder of a terminal distributor's license, both penalties may be imposed.  In a situation where the holder of a terminal distributor's license is a corporation or other independent legal entity, the imposition of one penalty on the pharmacist who actually committed the violations and a second penalty on the pharmacy that holds the terminal distributor's license presents little difficulty aside from the issue of

---

**2.**  Pursuant to R.C. 4729.08 and 4729.12, the "identification card" referred to R.C. 4729.16 is in effect a license to practice pharmacy.

**3.**  Pursuant to R.C. 4729.16(C)(3), "unprofessional conduct in the practice of pharmacy" includes "[k]nowingly dispensing medication pursuant to false or forged prescriptions."

vicarious liability, which, in the present case, would be resolved against appellant due to Petrilla's status as the pharmacist in charge. See R.C. 4729.27 (requiring that every pharmacy have a single pharmacist who is in "full and actual charge of the pharmacy").

{¶ 33} However, where the holder of the terminal distributor's license is a sole proprietorship, as the record suggests in this case, the question of whether the same legal entity can be administratively sanctioned twice for the same conduct arises. If appellant is a sole proprietorship, Petrilla is the actual legal holder of the terminal distributor's license; see *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 574–575, 589 N.E.2d 1306; *Herschell v. Rudolph* (Apr. 12, 2002), Lake App. No. 2001–L–069, 2002 WL 549980 (holding that under Ohio law, a sole proprietorship has no independent legal status separate from that of its owners), and is accordingly directly responsible not only for the fine imposed on him as a pharmacist, but, also, for the fine imposed on appellant. Thus, the question becomes whether Petrilla may be sanctioned twice for the same conduct: once as a pharmacist pursuant to R.C. 4729.16(A), and once as the holder of a terminal distributor's license pursuant to R.C. 4729.57(A).

{¶ 34} OSBP's possible imposition of two penalties upon Petrilla for the same conduct does not violate the Double Jeopardy Clause. It is well established that the Double Jeopardy Clause does not protect against the imposition of multiple civil or administrative penalties. *Hudson v. United States* (1997), 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450. Here, the penalties imposed upon Petrilla pursuant to R.C. 4729.57 and 4729.16 are unquestionably civil in nature, as both statutes expressly authorize OSBP, rather than a court, to impose the penalties. Although the imposition of two civil penalties upon Petrilla for the same conduct may seem harsh, R.C. 4729.57 and 4729.16 plainly authorize such a result. Given this statutory scheme, Petrilla may not escape sanction as a holder of a terminal distributor's license simply because he is also subject to sanction as a pharmacist.

{¶ 35} Appellant's first assignment of error is overruled.

{¶ 36} In its second assignment of error, appellant asserts that the record contains no evidence to support OSBP's finding that it illegally processed drug documents or illegally distributed dangerous drugs. Specifically, appellant contends that even if it dispensed drugs pursuant to false 14–day prescriptions, the state failed to establish that it dispensed any drugs that were not actually authorized by valid written or telephone prescription. Appellant's argument evidences a fundamental misunderstanding of the nature of the violations that it has been found to have committed.

{¶ 37} As noted, OSBP found that appellant committed five counts each of illegal possession of drug documents and illegal distribution of dangerous drugs. R.C. 2925.23(B)(1) sets forth the offense of illegal processing of drug documents as follows: "No person shall intentionally make, utter, or sell, or knowingly possess any of the following that is a false or forged: (1) [p]rescription." Pursuant to R.C. 4729.01(H), a "prescription" is defined as a "written, electronic, or oral order for drugs or combinations or mixtures of drugs to be used by a particular individual * * *, issued by a licensed health professional authorized to prescribe drugs." As defined in R.C. 4729.01(I), a "[l]icensed health professional authorized to prescribe drugs" does not include a pharmacist, and appellant does not contend that the numerous 14–day prescriptions that Petrilla created were authorized by a physician. Thus, the 14–day prescriptions were false and appellant's possession of them constituted violations of R.C. 2925.23(B)(1). This is true regardless of whether separate valid prescriptions existed for the drugs dispensed pursuant to the false prescriptions.

{¶ 38} R.C. 4729.51(C) sets forth the offense of illegal distribution of dangerous drugs:

{¶ 39} "(C)(1) Except as provided in division (C)(4) of this section, no person shall sell, at retail, dangerous drugs.

{¶ 40} "* * *

{¶ 41} "(4) [Division] (C)(1) * * * of this section do[es] not apply to * * * a licensed terminal distributor of dangerous drugs [that] * * * sells, at retail, a dangerous drug in accordance with Chapters 3719., 4715., 4723., 4725., 4729., 4731., and 4741. of the Revised Code."

{¶ 42} R.C. 3719.05 permits the dispensing of controlled substances only upon a valid prescription.[4] Here, even if valid prescriptions existed for most or even all of the drugs that appellant dispensed pursuant to the false or forged 14–day prescriptions, the pharmacy did not dispense those drugs upon the valid prescriptions, but upon the false prescriptions. Accordingly, appellant violated R.C. 4729.51(C) even if valid prescriptions existed for the drugs dispensed upon the false prescriptions.

{¶ 43} Appellant's second assignment of error is overruled.

{¶ 44} Appellant's third, fourth, fifth, and sixth assignments of error each challenge the fine imposed upon appellant and will be addressed together.

---

4. R.C. 3719.05 provides that "[a] pharmacist may dispense controlled substances to any person upon a prescription issued in accordance with section 3719.06 of the Revised Code."

{¶ 45} Appellant first challenges the $25,000 fine on the grounds that Petrilla's unlawful conduct cannot serve as the basis for the imposition of a second penalty upon the holder of the terminal distributor's license. Appellant raised this same contention under its first assignment of error, and we reject it for the reasons set forth above.

{¶ 46} Appellant next contends that the total fine imposed upon Petrilla as both a pharmacist and the holder of a terminal distributor's license exceeds the fine permitted by law. Because OSBP's order imposing a $42,500 fine upon Petrilla is not before this court, our discussion will be limited to the $25,000 fine imposed upon the holder of the terminal distributor's license.

{¶ 47} R.C. 4729.57(A) authorizes OSBP to impose a monetary penalty up to the maximum fine permitted for similar felony or misdemeanor conduct. *Distributors Pharmacy, Inc. v. Ohio State Bd. of Pharmacy* (1987), 41 Ohio App.3d 116, 119, 534 N.E.2d 914. Here, OSBP found that appellant committed five counts of illegal processing of drug documents in violation of R.C. 2925.23(B)(1), and five counts of illegal distribution of dangerous drugs in violation of R.C. 4729.51(C). Pursuant to R.C. 2925.23(F)(2), appellant's five counts of illegal processing of drug documents would be felonies of the fifth degree if prosecuted criminally, and would be punishable by fines of not more than $2,500 per count pursuant to R.C. 2929.18(A)(3)(e). Pursuant to R.C. 4729.99(G), appellant's five counts of illegal distribution of dangerous drugs would be felonies of the fourth degree if prosecuted criminally, and would be punishable by fines of not more than $5,000 per count pursuant to R.C. 2929.18(A)(3)(e). Thus, OSBP could have fined appellant as much as $37,500 for all ten counts, and the $25,000 fine that OSBP imposed is not unlawful.

{¶ 48} Appellant next argues that the fine imposed by OSBP is disproportionate, arbitrary, and violative of the Eighth Amendment's prohibition of excessive fines. These claims are without merit. The $25,000 fine is neither excessive nor arbitrary as it is well within the statutory guidelines for fines for the violations that appellant has been found to have committed. Other than the general requirement that its fines be within the permissible statutory range, there is no requirement that OSBP impose equivalent fines for similar conduct in different cases. Finally, appellant's claim that the $25,000 fine is violative of the Eighth Amendment fails because it cannot be said that the fine is grossly disproportionate to appellant's misconduct. *United States v. Bajakajian* (1998), 524 U.S. 321, 336, 118 S.Ct. 2028, 141 L.Ed.2d 314.

{¶ 49} Appellant's third, fourth, fifth, and sixth assignments of error are overruled.

{¶ 50} Appellant's six assignments of error having been overruled, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

PETREE and BROWN, JJ., concur.