PETERSON, Appellant,

v.

OHIO DEPARTMENT OF INSURANCE, Appellee.

[Cite as *Peterson v. Ohio Dept. of Ins.,* 162 Ohio App.3d 407, 2005-Ohio-4002.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85507.

Decided Aug. 4, 2005.

George Glavinos Jr., for appellant.

Jim Petro, Attorney General, and Scott Myers, Assistant Attorney General, for appellee.

JAMES J. SWEENEY, Presiding Judge.

{¶ 1} Gary Peterson appeals from the decision of the common pleas court affirming the decision of the Ohio Department of Insurance. Peterson argues that the common pleas court's decision was not supported by a preponderance of reliable, probative, and substantial evidence, and that the court erred as a matter of law when it affirmed the department's order imposing two penalties for a single violation of R.C. 3945.14(B).[1] For the following reasons, we affirm.

{¶ 2} In the early 1990s, Peterson met Florence Cherrison when she became a client of the bank where Peterson worked. Peterson helped Cherrison transfer her bank accounts from her previous bank in Florida. Shortly thereafter, Peterson began providing Cherrison with investment advice and even sold her a Ford Life Annuity. Later in 1999, Peterson persuaded Cherrison to exchange her original annuity for a Jackson Life annuity. The life annuity designated Cherrison's stepdaughter, Regina Lastoria, as the beneficiary. Peterson received a commission for both annuity sales.

{¶ 3} From 1992 until Cherrison's death at age 90, she and Peterson developed a close friendship. Peterson stated that he ran errands and paid and organized bills for Cherrison. Peterson described his relationship to Cherrison as friend, confidante, and trusted advisor and admitted that he was well aware of her financial condition.

{¶ 4} Once Cherrison and Peterson established a friendship, Peterson claimed that Cherrison wanted to change the beneficiary designation on her Jackson Life annuity from her stepdaughter to Peterson. In response, Peterson called the legal department of Jackson National Life Insurance in Michigan to determine whether he could be appointed the beneficiary, since he had sold the annuity to Cherrison. After speaking with the legal department, Peterson believed that he could be named the beneficiary of the annuity. He then submitted a change-of-beneficiary form designating himself as the beneficiary and also had Cherrison execute a producer-trustee or beneficiary-indemnification form, acknowledging that she had designated Peterson as her beneficiary on an annuity that she purchased from him. Peterson admitted that he did not review Ohio licensure law prior to submitting the change-of-beneficiary form, nor did he consult with an attorney licensed in Ohio.

---

1. The Ohio legislature recodified and renumbered R.C. 3905.49(B)(14) as R.C. 3905.14(B)(18) and recodified and renumbered R.C. 3905.49(E) as R.C. 3905.14(E). Both the previous and newly recodified statutes are identical in all respects. Because the conduct involved in this appeal occurred prior to the recodification, this opinion refers to the former versions of the statute. See 149 Ohio Laws, Part I, 1540, 1574, 1576, 1581.

{¶ 5} Shortly thereafter, Peterson recommended an estate planner to draft Cherrison's will. During the drafting process, Cherrison informed the estate planner that she wanted Peterson to be the executor of her will and then designated Peterson as the principal beneficiary of her estate. Cherrison also granted durable power of attorney to Peterson.

{¶ 6} At the time of her death, Peterson held almost complete control over the financial affairs and assets of Cherrison. Cherrison named him as the beneficiary of her annuity, named him the executor and principal beneficiary of her estate, and granted him a durable power of attorney giving Peterson control of all major decisions in her life. Upon her death, Cherrison's total estate was worth $779,836, of which Peterson received approximately $450,000. Three hundred and fifty thousand dollars of that amount came from the Jackson Life annuity that Peterson had sold to Cherrison.

{¶ 7} Following Cherrison's death, Cherrison's stepdaughter sued Peterson, among others, in common pleas court. In response to that litigation, the Ohio Department of Insurance served Peterson with a notice of opportunity for hearing. The notice informed Peterson that the department proposed to take disciplinary action against his license based upon a violation of R.C. 3905.49(B)(14). The department conducted a hearing, and both sides presented evidence. At the close of the evidence, the hearing officer issued a report finding that Peterson did violate R.C. 3905.49(B)(14) when he sold Cherrison the annuity and later became the beneficiary of the annuity. The officer recommended the revocation of Peterson's license as well as a $25,000 civil forfeiture. The Superintendent of Insurance adopted the hearing officer's report and recommendation. Peterson sought review by the Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court affirmed the department's revocation and forfeiture. Peterson appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 8} In his first assignment of error, Peterson argues that the common pleas court's order was not supported by reliable, probative, and substantial evidence, because the Ohio Department of Insurance failed to apply the mitigating factors of R.C. 3905.49(E). We disagree.

{¶ 9} When reviewing an order entered by an administrative agency, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Young v. Cuyahoga Work & Training Agency* (July 19, 2001), Cuyahoga App. No. 79123, 2001 WL 824466, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 407 N.E.2d 1265. When reviewing the common pleas court's determination, the appellate court determines only whether the court abused its discretion in finding

whether the agency's order is supported by such evidence. *Young,* citing *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. "Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment." *Rossford,* 63 Ohio St.3d at 707, 590 N.E.2d 1240.

{¶ 10} R.C. 3905.49(B)(14) provides:

"The superintendent may suspend, revoke, or refuse to issue or renew any license as an agent, * * * surplus line broker, or limited insurance representative, or impose any other sanction authorized under this chapter, for * * *(14) Causing or permitting a policyholder or applicant for insurance to designate the person or the person's spouse, parent, child, or sibling as the beneficiary of a policy or annuity sold by the person, unless the person or a relative of the person is the insured or applicant."

{¶ 11} Neither party disputes that Peterson violated R.C. 3905.49(B)(14) when he sold Cherrison the annuity and later became the beneficiary on the annuity. Peterson's argument is that the Superintendent of Insurance did not apply the mitigating factors contained in R.C. 3905.49(E), and therefore, the common pleas court's judgment is not supported by reliable, probative, and substantial evidence. Peterson's argument is misplaced.

{¶ 12} If a violation of R.C. 3905.49(B) is proven, the superintendent has the discretion to weigh mitigating evidence. R.C. 3905.49(E) provides: "The superintendent may consider the following factors in denying a license, imposing suspensions, revocations, fines, or other penalties and issuing orders under this section * * *." By using the term "may," the General Assembly has given the superintendent discretion to apply mitigating factors. If the General Assembly wanted to require the superintendent to consider mitigating factors before imposing an order, the statute would have been drafted to reflect that desire. R.C. 3905.49(E) is clear and does not require the superintendent to consider mitigating factors before imposing an order. Furthermore, the superintendent's order states that she did consider the factors set forth in R.C. 3905.49(E).

{¶ 13} Accordingly, we cannot say that the trial court abused its discretion in finding that the department's decision was supported by reliable, probative, and substantial evidence. Peterson's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Peterson argues that the trial court erred as a matter of law by affirming the department's order imposing two penalties for a single violation of R.C. 3905.49(B). We disagree.

{¶ 15} Peterson's argument is that the General Assembly's use of the word "or" in R.C. 3905.49(B) limits the superintendent to only one punishment for a single violation of the statute. Peterson then cites the cases of *Wesco Ohio Ltd. v. Ohio State Bd. of Pharmacy* (1988), 55 Ohio App.3d 94, 562 N.E.2d 900, and *Distrib. Pharmacy, Inc. v. Ohio State Bd. of Pharmacy* (1987), 41 Ohio App.3d 116, 534 N.E.2d 914, in support of his argument.

{¶ 16} Peterson's focus on the language of R.C. 3905.49(B) is misplaced. R.C. 3905.49(D) is the subsection that deals with punishment for violations of the statute. Subsection D provides, "If the superintendent determines that a violation described in this section has occurred, the superintendent may do any of the following." The statute then lists nine possible punishments, including a civil forfeiture not exceeding $25,000 per violation and permanent revocation of all insurance licenses. There is no language that limits the superintendent to a single punishment. Moreover, *Wesco* and *Distrib. Pharmacy* dealt with violations of R.C. 4729.56 and 4729.57 and therefore do not apply to the issues in this case.

{¶ 17} Therefore, we find that the trial court did not abuse its discretion in affirming the department's punishment order. Peterson's second assignment of error is overruled.

*Judgment affirmed.*

CALABRESE and CORRIGAN, JJ., concur.

## APPENDIX

Assignment of Errors:

"I. The trial court erred as a matter of law by affirming the Ohio Department of Insurance order revoking the insurance license of appellant which order was not supported by reliable, probative, and substantial evidence by its failure to apply the factors of mitigation as set forth in Ohio Revised Code 3905.49(E).

"II. The trial court erred as a matter of law by affirming the department of insurance order imposing two penalties for a single violation of former Ohio Revised Code 3905.14(B)."